|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| MORGAN FULLER, | ) | |
| Plaintiff, | ) ) | Case No. 2:19-cv-00860-JAD-CWH |
| v. | ) ) | |
| UMC MEDICAL UNIVERSITY MEDICAL FACILITY, | ) ) ) | **ORDER** |
| Defendant. | ) ) ) | |

Presently before the court is pro se plaintiff Morgan Fuller's application to proceed *in forma pauperis* (ECF No. 1), filed on May 20, 2019.

Under 28 U.S.C. § 1915(a), a filing fee of $350.00 is required to commence a civil action in district court. Additionally, based on the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, effective June 1, 2016, a $50.00 administrative fee applies for filing a civil action in district court, making the total filing fee $400.00. Under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil case "without prepayment of fees and costs or security therefor" if a person submits an affidavit including a statement of all assets that demonstrates the person is unable to pay the fees or give security for them.

Here, Fuller submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them. Specifically, Fuller indicates that he is not presently employed, but that as of July 23—which the court understands to mean July 23, 2018—his salary was $2,500 per month. Fuller further states that he has savings in the amount of $2,500 and stocks in the amount of $25,000. It appears from Fuller's return address that he currently is incarcerated, so the court assumes he does not have monthly expenses housing, transportation, utilities, or other expenses. Fuller also states he receives Social Security disability payments of $2,500.

Based on Fuller's affidavit, he has savings of $2,500, stocks valued at $25,000, and receives $2,500 in disability payments. Given these assets, Fuller has not demonstrated he is unable to pay the costs of commencing this case under 28 U.S.C. § 1915(a)(1). *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350)); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week). The court therefore will deny Fuller's application to proceed *in forma pauperis*.

IT IS THEREFORE ORDERED that plaintiff Morgan Fuller's application to proceed *in forma pauperis* (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that plaintiff must pay the $350.00 filing fee, plus the $50.00 administrative fee, by June 24, 2019.

IT IS FURTHER ORDERED that plaintiff's failure to timely comply with this order will result in a recommendation that this case be dismissed.

DATED: May 24, 2019

_____
C.W. Hoffman, Jr.
United States Magistrate Judge