|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |

MORGAN FULLER,

   Plaintiff,

  v.

UMC MEDICAL UNIVERSITY MEDICAL FACILITY,

   Defendant.

Case No. 2:19-cv-00860-JAD-DJA

**ORDER**

Presently before the court is *pro se* Plaintiff Morgan Fuller's Third Application to Proceed *in forma pauperis* (ECF No. 6), filed on July 1, 2019. This matter is also before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 7), filed on July 8, 2019.

**I. *In Forma Pauperis* Application**

The Court previously denied Plaintiff's first and second requests to proceed *in forma pauperis*. Given the assets listed in Plaintiff's affidavit, the Court found that he was not indigent and ordered him to pay the filing fee for this case and then found his two request incomplete. (ECF Nos. 3 and 5). Plaintiff has now filed a new request to proceed *in forma pauperis* in which he has provided a financial certificate and inmate account statement.

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff is currently incarcerated and the Financial Certificate submitted along with his Application indicates that his inmate account has a current monthly balance of $0, an average monthly balance of $0, and an average monthly deposit of $0. (ECF No. 6, 4). Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a). However, even if this action is dismissed, the full filing fee of $350.00 must still be paid

pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995. Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action. The Court will now review Plaintiff's Complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

**A.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $2,500,000.00 in his complaint. However, Plaintiff and Defendant, UMC, appear to be Nevada citizens so there is

no diversity jurisdiction in this case.

**B.     Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 based on a slip and fall and associated injuries he experienced at UMC. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

**C.     42 U.S.C. § 1983 Claim**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

Plaintiff alleges that he was at UMC when he injured his spine and scrotum due to a liquid spill on the ground. As a result, he attempts to state one claim for what he describes as "injury" due

to the slip and fall. This claim for negligence does not implicate a right secured by the Constitution nor does Plaintiff demonstrate that UMC was acting under the color of law. As such, Plaintiff has not alleged sufficient facts to support a claim under Section 1983 against UMC. As Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with thirty days to amend the complaint.

### III. Motion for Appointment of Counsel

As for Plaintiff's motion for appointment of counsel (ECF No. 7), civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, the Court does not find any exceptional circumstances. Upon review of Plaintiff's Complaint and supporting documents, it is not clear that Plaintiff's claims are likely to succeed on the merits. Further, the claims, such as they are, are not complex. The Court will therefore deny the motion.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Third Motion/Application to Proceed *In Forma Pauperis* (ECF No. 6) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee of $350.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to Plaintiff's account (inmate #1203152), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office and to the attention of the Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint (ECF No. 1-1), but shall not issue summons.

IT IS FURTHER ORDERED that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (ECF No. 7) is **denied**.

DATED: January 15, 2020.

Daniel J. Albregts
United States Magistrate Judge