1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

MORGAN FULLER,

        Plaintiff,

    v.

UMC MEDICAL UNIVERSITY MEDICAL FACILITY,

        Defendant.

Case No. 2:19-cv-00860-JAD-DJA

**ORDER AND
REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 11) and Supplement Claim (ECF No. 12), both filed on January 30, 2020.

      The Court previously denied Plaintiff's first Motion for Appointment of Counsel on January 15, 2020. (ECF No. 9). Plaintiff renews his Motion for Appointment of Counsel, but fails to set forth any grounds for the Court to reconsider its prior decision. Significantly, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together.  *Wilborn*, 789 F.2d at 1331.  Here, the Court does not find any exceptional circumstances.  Upon review of Plaintiff's Complaint and Supplement, it is not clear that Plaintiff's claims are likely to succeed on the merits.  Further, the claims, such as they are, are not complex.  Finally, there has been no change that justifies reconsideration of the Court's prior Order (ECF No. 9) denying Plaintiff's prior request for appointment of counsel.  Although Plaintiff indicates that he is currently unable to speak, he is able to write, as evidenced by the current motions and thus, it is not grounds for a change in the Court's decision.  The Court will therefore deny the motion.

As for Plaintiff's Supplement (ECF No. 12), the Court granted Plaintiff leave to amend his complaint on January 15, 2020.  It set forth the deficiencies in his original complaint that he needed to attempt to cure – including a lack of subject matter jurisdiction.  Even construing Plaintiff's Supplement liberally, the Court is unable to find a colorable claim under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id*., 487 U.S. at 49.

Plaintiff alleges that he was at UMC when he injured his spine and scrotum due to a liquid spill on the ground.  As a result, he attempts to state one claim for what he describes as "injury" due to the slip and fall.  This claim for negligence does not implicate a right secured by the Constitution nor is Plaintiff able to demonstrate that UMC was acting under the color of law.  As Plaintiff has already been granted leave to amend and has failed to cure this fatal flaw, the Court will recommend dismissal.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 11) is **denied**.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the case be **DISMISSED** as the amended complaint (ECF No. 12) does not establish this Court's subject matter jurisdiction and it is clear that amendment cannot cure that deficiency.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 25, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE